# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

MITCHELL McCORMICK, et al.,        )
                                   )
          Plaintiffs,              )
                                   )
vs.                                )   Case No. CIV-11-1272-M
                                   )
HALLIBURTON ENERGY                 )
SERVICES, INC.,                    )
                                   )
          Defendant.               )

## **ORDER**

Before the Court is plaintiffs' Motion to Compel Production of Testifying Expert Considered Materials, filed April 14, 2015.[1] On April 28, 2015, defendant filed its response, and on May 4, 2015, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

Plaintiffs contend that defendant has withheld under a claim of work product testifying expert considered materials that are subject to disclosure pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)(ii) and move this Court to compel defendant to produce all materials created, received, or considered by its testifying experts. Defendant contends that its experts have met their disclosure obligations under Rule 26(a)(2)(B) and have identified and/or produced the facts and data they considered in forming the opinions they expressed in their reports in these cases. Additionally, regarding certain of its experts who have had both consulting and testifying roles, defendant contends that because the expert's consulting role and testifying role are clearly delineated, those

---

[1] In their motion, plaintiffs state that while this motion is filed only in the instant case, plaintiffs in all related cases join in the motion and request that it be considered as a joint request for all pending cases. The Court will grant plaintiffs' request, and the Court's ruling on plaintiffs' motion will apply to all related pending cases.

materials reviewed or generated as a consultant remain protected under Federal Rule of Civil Procedure 26(b)(4)(D).

Rule 26(a)(2) provides, in pertinent part:

> (A) *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> (B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
> 
> \*    \*    \*
> 
> (ii) the facts or data considered by the witness in forming them; . . . .

Fed. R. Civ. P. 26(a)(2)(A),(B). Additionally, the Advisory Committee's Notes provide, in pertinent part:

> The refocus of disclosure on "facts or data" is meant to limit disclosure to material of a factual nature by excluding theories or mental impressions of counsel. At the same time, the intention is that "facts or data" be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients. The disclosure obligation extends to any facts or data "considered" by the expert in forming the opinions to be expressed, not only those relied upon by the expert.

Fed. R. Civ. P. 26(a)(2)(B) (2010 Comments). Further, Rule 26(b)(4) provides, in pertinent part:

> (B) *Trial-Preparation Protection for Draft Reports or Disclosures.* Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.
>
> (C) *Trial-Preparation Protections for Communications Between a Party's Attorney and Expert Witnesses.* Rules 26(b)(3)(A)

2

> > and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:
> > (i) relate to compensation for the expert's study or testimony;
> > (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
> > (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.
>
> (D) *Expert Employed Only for Trial Preparation*. Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. . . .

Fed. R. Civ. P. 26(b)(4)(B)-(D).

"For Rule 26 purposes, a testifying expert has 'considered' data or information if the expert has read or reviewed the privileged materials before or in connection with formulating his or her opinion." *In re Commercial Money Ctr., Inc., Equip. Lease Litig.*, 248 F.R.D. 532, 537 (N.D. Ohio 2008) (internal quotations and citations omitted). *See also Yeda Research and Dev. Co., Ltd. v. Abbott GMBH & Co. KG*, 292 F.R.D. 97, 105 (D.D.C. 2013); *Carroll Co. v. Sherwin-Williams Co.*, No. WMN-11-1700, 2012 WL 4846167, at *3 (D. Md. Oct. 10, 2012) ("parties must produce any information furnished to a testifying expert that such an expert generates, reviews, reflects upon, reads, and/or uses in connection with the formulation of his opinions, even if such information is ultimately rejected."). Further, "[c]ourts have declined to adopt a definition [of 'considered'] that would necessitate an inquiry into the subjective mental processes of the testifying expert." *In re Commercial Money Ctr.*, 248 F.R.D. at 537. "Thus, experts have been deemed to have considered

materials even when they have testified, under oath, that they did not consider the materials in forming their opinions." *Id.*

Further,

> when an expert serves as both a litigation consultant and a testifying witness, an issue arises as to whether the party relinquishes the privilege that would otherwise attach to the litigation consultant's work. Courts that have considered this issue have consistently concluded that an expert's proponent still may assert a privilege over such materials, but only over those materials generated or considered *uniquely* in the expert's role as consultant.
>
> Courts have further concluded that in light of the purpose behind Rule 26(a)(2)(B)'s disclosure requirement - to allow parties to reveal weaknesses in expert testimony offered by an adversary, the scope of the privilege must be narrowly construed against the expert's proponent. Thus, documents having no relation to the expert's role as [a witness] need not be produced but . . . any ambiguity as to the role played by the expert when reviewing or generating documents should be resolved in favor of the party seeking discovery. If the line between consultant and witness is blurred, the dispute must be resolved in favor of the party seeking discovery.

*Id.* (internal quotations and citations omitted) (emphasis in original). *See also Carroll Co.*, 2012 WL 4846167, at *4 ("when an individual serves as a litigation consultant and an expert witness, the party asserting the work product protection must demonstrate a 'clear distinction' between the individual's roles and information considered in those roles" and "if the distinction . . . is ambiguous, the ambiguity should be resolved in favor of the party seeking discovery."); *Sara Lee Corp. v. Kraft Foods Inc.*, 273 F.R.D. 416, 419-20 (N.D. Ill. 2011) (finding broader discovery for testifying experts applies to everything except "materials generated or considered *uniquely* in the expert's role as consultant" and that "any ambiguity as to the role played by the expert when reviewing or generating documents should be resolved in favor of the party seeking discovery."); *Bro-Tech Corp. v.*

4

*Thermax, Inc.*, Civil No. 05-CV-2330, 2008 WL 724627, at *2 (E.D. Pa. Mar. 17, 2008) ("A court should only give force to this differentiation of roles if it is convinced that the information considered for consulting expert purposes was not also considered pursuant to the expert's testifying function."); *Sec. and Exch. Comm'n v. Reyes*, No. C 06-04435 CRB, 2007 WL 963422, at * 2 (N.D. Cal. Mar. 30, 2007) (holding party could assert work product privilege, but only as to materials that do not pertain to subject matter on which his experts have submitted testimony); *B.C.F. Oil Ref., Inc. v. Consol. Edison Co. of N.Y., Inc.*, 171 F.R.D. 57, 62 (S.D.N.Y. 1997) ("documents having no relation to the expert's role as an expert need not be produced but that any ambiguity as to the role played by the expert when reviewing or generating documents should be resolved in favor of the party seeking discovery."). Additionally,

> the question is the extent of the *substantive* relationship between [the expert's roles]. . . . The presumptions in favor of the party seeking discovery means that if the subject matter directly relates to the opinion in the expert report, there will be at least an ambiguity as to whether the materials informed the expert's opinion, and consulting materials should be disclosed.

*Yeda Research*, 292 F.R.D. at 113 (internal quotations and citations omitted).

Having carefully reviewed the parties' submissions, the Court finds that some additional materials should be produced by defendant.[2] While all of defendant's testifying experts have submitted affidavits stating that they have disclosed all of the materials they have considered, the

---

[2]The materials ordered to be produced/disclosed do not include drafts of any report or disclosure required under Rule 26(a)(2) or any communications between defendant's attorney and the expert witness, with the exception of communications relating to compensation for the expert's study or testimony, communications that identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed, or communications that identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

5

Court finds these statements are not dispositive of this issue.[3] To the extent that any of defendant's testifying experts have not disclosed any data or information that that expert has read or reviewed before or in connection with formulating his or her opinion, the Court finds that data and/or information should be disclosed to plaintiffs.

Additionally, regarding defendant's experts who have had both a consulting role and a testifying expert role,[4] the Court finds that as to certain of these experts, the materials relating to their consulting work should be disclosed to plaintiffs. Regarding Dr. Muchmore, the Court finds that his consulting role, if any, of advising defendant regarding the general health effects of perchlorate is distinct enough from his testifying expert role of giving his opinions regarding specific personal injury plaintiffs that any materials generated during the consulting role need not be disclosed to plaintiffs. Regarding Jerry Dent, the Court finds it is unable to determine the scope of Mr. Dent's consulting role during the mediation proceedings. Since it is defendant's burden to establish that the materials generated during Mr. Dent's consulting role are protected by the work product rule and defendant has failed to meet this burden, the Court finds the ambiguity as to the role played by Mr. Dent should be resolved in favor of plaintiffs. Accordingly, the Court finds that the materials generated during Mr. Dent's consulting role should be disclosed to plaintiffs. Regarding Mr. Larson and Mr. Morris, the Court finds that there is not a clear distinction between their

---

[3]In its response, defendant states that it has ascertained that its expert Barbara Beck's report included only those materials she relied upon and that Dr. Beck considered additional case documents, all of which have been produced in this litigation, that she determined were not relevant to her report. Defendant then states that it will provide a list of these produced documents to plaintiffs, if requested. The Court finds that the list of the produced documents should be provided to plaintiffs in accordance with this Order.

[4]It appears that Dr. Beck is the only expert that both plaintiffs and defendant agree has only had a testifying expert role in this case.

consulting role and their testifying expert role. Although these experts have been consulting in relation to the regulatory and administrative proceeding with the Oklahoma Department of Environmental Quality, the Court finds this consulting role is not unique as the subject matter involved in the regulatory and administrative proceeding is substantially the same as that involved in the instant action. For example, in both the regulatory and administrative proceeding and the instant action, Mr. Larson is evaluating the spread of perchlorate contamination from the Halliburton Site, including "background" levels of contamination and groundwater movement and concentration levels. Accordingly, the Court finds that the materials generated during Mr. Larson's and Mr. Morris' consulting roles should be disclosed to plaintiffs. Regarding Dr. Garabrant, the Court finds that his consulting role of attending an August 2011 public meeting, where he made a presentation about the potential health effects of exposure to perchlorate and answered questions posed by community members, is distinct enough from his testifying expert role of addressing plaintiffs' causation allegations and the expert opinions of plaintiff's expert Dr. Ginsberg that any materials generated during the consulting role need not be disclosed to plaintiffs. Regarding Mr. Grace, the Court finds that there is not a clear distinction between his consulting role and testifying expert role. Mr. Grace's role both as a consultant and as a testifying expert is to analyze the impact of contamination on property values. Thus, the Court finds that the materials generated during his consulting role should be disclosed to plaintiffs.

Finally, plaintiffs assert that defendant has retained Dr. Beck's firm, not just Dr. Beck, and defendant, thus, must produce materials considered by anyone at that firm. As Dr. Beck is the individual listed as defendant's expert, the Court finds the disclosure obligation only extends to facts or data considered by Dr. Beck. To the extent that Dr. Beck "considered" any materials considered

or generated by anyone at her firm, the Court finds that those materials should be disclosed to plaintiffs.

Accordingly, the Court GRANTS IN PART and DENIES IN PART plaintiffs' Motion to Compel Production of Testifying Expert Considered Materials [docket no. 226] as set forth above. Defendant shall disclose said materials to plaintiffs on or before May 27, 2015.

**IT IS SO ORDERED this 14th day of May, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE