# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AMANDA ALEXANDER, et al., | ) | |
|                Plaintiffs, | ) ) ) | |
| vs. | ) ) | Case No. CIV-11-1343-M |
| HALLIBURTON ENERGY SERVICES, INC., et al., | ) ) ) ) | |
|                Defendants. | ) | |
| MITCHELL MCCORMICK, et al., | ) ) | |
|                Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. CIV-11-1272-M |
| HALLIBURTON ENERGY SERVICES, INC., | ) ) ) ) | |
|                Defendant. | ) | |
| BRUCE WILMES, et al., | ) ) | |
|                Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. CIV-11-1323-M |
| HALLIBURTON ENERGY SERVICES, INC., | ) ) ) ) | |
|                Defendant. | ) | |

**ORDER**

Before the Court is defendant Halliburton Energy Services, Inc.'s ("HESI") Motion to Exclude Plaintiffs' Expert Kevin J. Boyle, filed April 24, 2015. On May 19, 2015, plaintiffs filed their response, and on May 26, 2015, HESI filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

From the mid-1960s until 1991, HESI cleaned missile motor casings for the United States Department of Defense and its contractors on a portion of its Osage Road facility near Duncan, Oklahoma ("Site"). Plaintiffs allege that, as a result of those operations, the groundwater at the Site became contaminated with perchlorate, which has since migrated offsite and into the private water wells of numerous area residents. In support of their property diminution claims, plaintiffs have identified four separate valuation experts. One of those experts is Kevin J. Boyle, Ph.D., an economist.

HESI now moves this Court, pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny, to exclude the report and opinions of Dr. Boyle. HESI asserts that Dr. Boyle is not qualified to testify about market value of real property. HESI further asserts that Dr. Boyle's opinions are irrelevant and fail the *Daubert* "fit" prong as they are contrary to: (1) Oklahoma law because they are based on an economics model that ignores market value; (2) this Court's ruling denying class certification because his analysis is based on assumptions about the area generally and ignores individual properties' characteristics; and (3) this Court's ruling that proximity to contamination is not a sufficient basis for a claim for diminution in property value. Finally, HESI asserts that Dr. Boyle's opinions are unreliable and speculative because his methodology ignores sales, market, and other relevant data, and the relevant valuation literature, and he cherry-picks data to suit his preconceived opinions.

II.  Discussion

Federal Rule of Evidence 702 governs the admissibility of expert testimony based upon scientific, technical, or other specialized knowledge. It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Having carefully reviewed the parties' submissions, and in particular Dr. Boyle's expert report and deposition testimony, the Court finds that the report and opinions of Dr. Boyle should be excluded. Specifically, the Court finds that Dr. Boyle's testimony will not help the trier of fact to understand the evidence or to determine a fact in issue, as required by Rule 702(a). Under Oklahoma law, "[t]he measure of damages for permanent injuries to land is the difference between the reasonable market value of the land immediately before the injuries and the reasonable market value of the land immediately after the injuries." *Houck v. Hold Oil Corp.*, 867 P.2d 451, 461 (Okla. 1993). Further, the Oklahoma Supreme Court has found that evidence of the value of land at the time of trial, two years after the alleged pollution of a stream, was insufficient to establish damages. *See Sinclair Oil & Gas Co. v. Allen*, 288 P. 981 (Okla. 1930).

In his report, Dr. Boyle states that his report "addresses long-term property-value diminutions, not losses immediately after the contamination became public knowledge, that occur after the residential real estate market has adjusted to the presence of perchlorate contamination and other losses incurred by property owners." Dr. Boyle's expert report at 2. Additionally, in his October 2, 2014 deposition, Dr. Boyle testified that the real estate market in Duncan, Oklahoma had

3

not had a chance to adjust to the announcement of potential contamination as of the date of his deposition. *See* Deposition of Dr. Boyle at p. 70, lns 19-23. Thus, it is clear that Dr. Boyle's model does not give the value of the properties immediately after the injuries, as required by Oklahoma law. In fact, based upon his deposition testimony, Dr. Boyle's model does not even give the value of the properties more than three years after the announcement of the potential contamination. Accordingly, the Court finds that Dr. Boyle's opinions are not relevant to the issues of damages in these cases and should be excluded.

### III. Conclusion

The Court, therefore, GRANTS HESI's Motion to Exclude Plaintiffs' Expert Kevin J. Boyle [docket no. 193 in case no. CIV-11-1343-M, docket no. 238 in case no. CIV-11-1272-M, and docket no. 104 in case no. CIV-11-1323-M] and EXCLUDES the report and opinions of Kevin J. Boyle, Ph.D.

**IT IS SO ORDERED this 22nd day of July, 2015.**

*[signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE