# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AMANDA ALEXANDER, et al., | ) | |
|           Plaintiffs, | ) | |
| vs. | ) | Case No. CIV-11-1343-M |
| HALLIBURTON ENERGY SERVICES, INC., et al., | ) | |
|           Defendants. | ) | |
| MITCHELL MCCORMICK, et al., | ) | |
|           Plaintiffs, | ) | |
| vs. | ) | Case No. CIV-11-1272-M |
| HALLIBURTON ENERGY SERVICES, INC., | ) | |
|           Defendant. | ) | |
| BRUCE WILMES, et al., | ) | |
|           Plaintiffs, | ) | |
| vs. | ) | Case No. CIV-11-1323-M |
| HALLIBURTON ENERGY SERVICES, INC., | ) | |
|           Defendant. | ) | |

# **ORDER**

Before the Court is defendant Halliburton Energy Services, Inc.'s ("HESI") Motion for Summary Judgment on the "Bodily or Personal Injury" Claims, filed June 8, 2015. On June 29, 2015, plaintiffs filed their response, and on July 6, 2015, HESI filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

From the mid-1960s until 1991, HESI cleaned missile motor casings for the United States Department of Defense and its contractors on a portion of its Osage Road facility near Duncan, Oklahoma ("Site").  Plaintiffs allege that, as a result of those operations, the groundwater at the Site became contaminated with perchlorate, which has since migrated offsite and into the private water wells of numerous area residents.  Plaintiffs Misti Gilley, Frank Herndon, Mary Herndon, Nancy Oliver, Linda Pace, and Lauren Wilmes ("Bodily Injury Plaintiffs") further allege that their alleged ingestion of perchlorate caused them to develop thyroid conditions and/or exacerbated pre-existing thyroid conditions.  HESI now moves the Court for summary judgment as to the Bodily Injury Plaintiffs' claims.

II.   Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party."  *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts.  Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.     Discussion

HESI contends that if the Court grants HESI's motions to exclude the Bodily Injury Plaintiffs' medical experts, Drs. Spaeth and Klein, it is entitled to summary judgment on the Bodily Injury Plaintiffs' claims because the Bodily Injury Plaintiffs will not have the required medical expert testimony to establish causation. The Court, in separate orders, has denied HESI's motions to exclude Drs. Spaeth and Klein. Accordingly, the Court finds that HESI is not entitled to summary judgment based upon any lack of required medical expert testimony.

HESI further contends that it is entitled to summary judgment on the Bodily Injury Plaintiffs' claims because the Bodily Injury Plaintiffs lack evidence of actionable damages.[1] Specifically, HESI asserts that the Bodily Injury Plaintiffs can neither show the aggravation of their auto-immune thyroid conditions nor quantify the aggravation. Further, HESI asserts that the only difference between the treatment of their thyroid conditions, with and without their exposure to perchlorate, is the potential for a higher dose of medication to be administered in connection with their already-necessary treatment sessions.

It is the plaintiff's burden to prove that a defendant's negligence aggravated their pre-existing condition. *See Wright v. Cent. Okla. Milk Producers Ass'n*, 509 P.2d 464, 466 (Okla.

---

[1] HESI's contention is specifically directed at those Bodily Injury Plaintiffs who have auto-immune thyroid conditions – conditions that it is undisputed were not caused by HESI's actions – and allege the perchlorate exposure exacerbated their conditions.

3

1973). Further, the Oklahoma Uniform Jury Instruction for liability for increased harm in a negligence case provides:

> If you find by the greater weight of the evidence that [Defendant] was negligent and that [Defendant]'s negligence was a contributing factor in increasing the harm to [Plaintiff] beyond what was due to other causes, the [Defendant] is liable for the increased harm.
>
> If you are able to separate the harm that was due to the other causes from the increased harm from [Defendant]'s negligence, [Defendant] is liable only for the increased harm from [Defendant]'s negligence.
>
> But if you are not able to separate the harm that was due to the other causes from the increased harm from [Defendant]'s negligence, [Defendant] is liable for all the harm to [Plaintiff].
>
> [Defendant] has the burden of proving by the greater weight of the evidence, that the increased harm from [Defendant]'s negligence can be separated from the harm due to the other causes.

OUJI-CIV 9.8C.

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to the Bodily Injury Plaintiffs and viewing all reasonable inferences in the Bodily Injury Plaintiffs' favor, the Court finds that the Bodily Injury Plaintiffs have presented sufficient evidence of actionable damages. Specifically, the Court finds that the Bodily Injury Plaintiffs have presented sufficient evidence that HESI's alleged negligence aggravated their pre-existing auto-immune thyroid conditions, resulting in legally compensable injuries. HESI's arguments are based on the assumption that the Bodily Injury Plaintiffs' pre-existing auto-immune thyroid conditions had already caused hypothyroidism to develop and that the Bodily Injury Plaintiffs' ingestion of perchlorate simply exacerbated their hypothyroidism, thus resulting in the possibility of a higher dose of medication. A review of the evidence submitted, and particularly Dr. Klein's expert reports and deposition testimony, reveals that this assumption is not entirely accurate

and that the Bodily Injury Plaintiffs are, in fact, alleging that their ingestion of perchlorate exacerbated their pre-existing auto-immune thyroid conditions which resulted in the development of hypothyroidism. In his expert reports, Dr. Klein opines that ingestion of perchlorate at the levels calculated for these plaintiffs would interfere with the function of an already diseased thyroid gland, which would then cause further impairment of the thyroid gland function, that would then contribute to the development of hypothyroidism. *See* Expert Reports of Dr. Klein, attached as Exhibits 7-12 to HESI's Motion for Summary Judgment on the "Bodily or Personal Injury" Claims and Brief in Support. Further, in his deposition, Dr. Klein testified that "the minority of patients with Hashimoto's [the auto-immune thyroid condition that the Bodily Injury Plaintiffs have] require thyroid hormone replacement [medication]. So if we're seeing this in all five patients, statistically I'm finding that the perchlorate exposure to these patients with Hashimoto's disease put them at risk and then manifested as hypothyroidism." Deposition of Dr. Klein at p. 144, lns 9-15. Thus, if the ingestion of perchlorate contributed to the development of hypothyroidism, it would also contribute to those symptoms of hypothyroidism, such as fatigue, weight gain, dry skin, dry nails, etc., that the Bodily Injury Plaintiffs have submitted evidence that they have experienced.

Accordingly, the Court finds that HESI is not entitled to summary judgment on the Bodily Injury Plaintiffs' claims.

IV.     Conclusion

For the reasons set forth above, the Court DENIES HESI's Motion for Summary Judgment on the "Bodily or Personal Injury" Claims [docket no. 224 in case no. CIV-11-1343-M, docket no. 278 in case no. 11-1272-M, and docket no. 126 in case no. CIV-11-1323-M].

**IT IS SO ORDERED this 31st day of August, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE