# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MITCHELL L. McCORMICK, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. CIV-11-1272-M |
| ) | |
| HALLIBURTON ENERGY SERVICES, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is plaintiffs' Motion and Memorandum of Law in Support of Plaintiffs' Motion for Leave to Amend Their Complaint, filed April 12, 2016. On May 20, 2016, defendant filed its response. Based upon the parties' submissions, the Court makes its determination.

From the mid-1960s until 1991, defendant cleaned missile motor casings for the United States Department of Defense and its contractors on a portion of its Osage Road facility near Duncan, Oklahoma ("Site"). Plaintiffs allege that, as a result of those operations, the groundwater at the Site became contaminated with perchlorate, which has since migrated offsite and into the private water wells of numerous area residents. On October 31, 2011, plaintiffs filed the instant action as a purported class action.[1] On March 3, 2015, the Court denied class certification in this case.[2]

---

[1] On or around that same date, numerous other cases were filed regarding the contamination. The Court did not consolidate these cases, but the parties in these cases agreed to coordinate discovery.

[2] At the time class certification was denied, an October trial for initial, bellwether plaintiffs was set. The Court subsequently stayed the trial so that the parties could move forward with settlement efforts to resolve the property claims of the named plaintiffs. Nearly all of the property claims have been settled. Trial for initial, bellwether plaintiffs, including plaintiffs with property claims, is currently set on the Court's August 2016 trial docket.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), plaintiffs move for leave to amend their complaint to add eighty-two (82) additional plaintiffs (unnamed putative class members) who own property that is over the perchlorate contamination plume or its buffer area.[3] Plaintiffs assert that the proposed amendment will not prejudice defendant in any way as defendant is aware of these individuals' property claims and has addressed these claims for other plaintiffs, and the parties have already submitted expert reports concerning these properties. Additionally, plaintiffs assert there will be no undue delay because the parties have conducted and concluded much of the core discovery central to all of the new plaintiffs' property claims and only discovery specific to the plaintiffs' property interest and supplements to expert reports will be needed over the next ten months.[4] Plaintiffs further assert that amending the existing complaint presents the most convenient means to address all property claims as it places all of the claims in a single action.

Defendant contends that by seeking to add these new plaintiffs into this case, plaintiffs are in fact asking the Court to consolidate or join these claims with the remaining claims in this case and are asking the Court to do so now rather than after a factual record is developed.[5] Defendant asserts that because the Court has discretion to order consolidation later, there is no prejudice to plaintiffs in waiting. Defendant further contends that the claims of the new plaintiffs differ in several

---

[3] Plaintiffs state that they waited to file the instant motion until all interested property owners had retained counsel so that a single motion for leave to amend, rather than multiple motions for leave to amend, could be filed. Additionally, plaintiffs state they delayed filing the instant motion, with defendant's knowledge and support, in order to attempt to resolve these property claims with defendant in advance of seeking leave to amend the complaint.

[4] Pursuant to the Court's April 7, 2016 Order, the Court will set another group of trials no sooner than six months after the date the first claims are resolved by the August jury trial.

[5] Defendant asserts that it is entitled to conduct at least some discovery regarding these new plaintiffs in order to be in a position to fairly present its views as to whether consolidation should be ordered.

2

potentially important respects from those of the remaining plaintiffs: (1) the only three remaining property damage plaintiffs in this case are owners of three large commercial properties; whereas, the new plaintiffs are all owners of residential properties, except for one property on which a veterinarian has his office; (2) several of the new plaintiffs purchased their properties after the contamination issue was publicly announced; (3) most of the new plaintiffs did not drink well water but were on public water; whereas, most of the previous residential plaintiffs in this case were on well water; and (4) the new plaintiffs may be pursuing some additional legal theories in their case. Additionally, defendant contends that forcing it to begin to conduct discovery of the new plaintiffs immediately while at the same time preparing for the upcoming trial, instead of proceeding with discovery of the new plaintiffs in the context of a new case, prejudices defendant. Defendant, thus, contends that the new plaintiffs should be required to file their claims as a separate action.

Federal Rule of Civil Procedure 15(a)(2) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend is within the trial court's discretion. *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). However, when a motion to amend is filed after the deadline set forth in the Scheduling Order, as it is in the instant matter[6], the moving party must show good cause for

---

[6]The deadline to file a motion to amend was March 1, 2013.

3

allowing the amendment out of time. *See* Fed. R. Civ. P. 16(b)(4); *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990).

Having carefully reviewed the parties' submissions, the Court finds that plaintiffs should not be granted leave to file an amended complaint and that the new plaintiffs should instead file a new separate action asserting their claims. The procedural history and circumstances involved in this case make plaintiffs' request quite different from the typical motion for leave to amend with which courts are normally confronted. The instant case has been pending for approximately four and one half years; there are other related cases, three of which are still pending; this case and the related cases have not been consolidated but discovery has been coordinated in all the cases; the first bellwether trial is currently set on the Court's August 2016 trial docket; and the vast majority of plaintiffs and claims in this case and the related cases have been settled. While it appears that much of the discovery that has already been conducted in this case and the related cases will be applicable to the new plaintiffs' claims, it also appears that there would be additional discovery, and perhaps significant discovery, required in relation to the new plaintiffs' claims. Further, it also appears that there may be significant differences between the new plaintiffs' claims and the remaining plaintiffs' claims, as well as differences between the new plaintiffs' claims and the already settled property damage plaintiffs' claims. Additionally, the Court finds that simply adding these new plaintiffs to the instant action would be prejudicial, at this stage of the proceedings, to defendant.[7] Finally, the Court finds that requiring the new plaintiffs to file a new case, and addressing the issues of consolidation and use of discovery at a later date when the new plaintiffs' claims, and the factual

---

[7]The Court further finds that adding these new plaintiffs to the instant action could also be prejudicial to the new plaintiffs as adding them to a nearly fully developed case could hinder the full discovery that their claims should receive.

bases for their claims, are more clear, would be a more judicially efficient and appropriate manner in which to address the new plaintiffs' claims.

Accordingly, the Court DENIES plaintiffs' Motion for Leave to Amend Their Complaint [docket no. 344].

**IT IS SO ORDERED this 8th day of June, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE